# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA MCCARRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. CIV-21-618-SM |
| KIKOLO KIJAKAZI, ) | |
| Acting Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Debra McCarrell (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 19, 20.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings, arguing that substantial evidence does not support the Administrative Law Judge (ALJ)'s residual functional capacity[1] (RFC) assessment and that the ALJ failed to adequately develop the record. Doc. 21, at 7-13. After a careful review of the record (AR), the parties'

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[2]

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the

---

[2]   Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. The ALJ's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-23; *see* 20 C.F.R. §416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since May 28, 2019, the application date;

(2) had the following severe medically determinable impairments: right shoulder adhesive capsulitis, SLE/DLE, and depression;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC to perform medium work with additional limitations, including she can frequently balance, stoop, kneel, crouch, and climb stairs and ramps; can never crawl and never climb ladders, ropes, or scaffolds; can frequently grasp and handle with the right hand; can occasionally reach overhead with right upper extremity but can frequently reach in other directions; can understand, remember, and carry out simple and some detailed instructions; can focus and concentrate on these tasks for two-hour periods and persist at this eight hours per day, forty hours per week with normal breaks; and can adapt to work situations;

    (5)    had no past relevant work;

    (6)    could perform jobs that exist in significant numbers in the national economy, such as machine packer sealer, counter supply worker, and cart attendant; and so,

    (7)    had not been under a disability since May 28, 2019.

AR 17-23.

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *see id.* at 1-6, making the ALJ's decision "the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). A decision is not based on substantial evidence "if it is overwhelmed by other

evidence in the record." *Wall*, 561 F.3d at 1052. The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013).

  **B.**  **Substantial evidence supports the ALJ's RFC assessment.**

  The ALJ considered the "entire record" when formulating Plaintiff's RFC assessment. AR 18. She began by considering all symptoms Plaintiff reported. She evaluated those symptoms to determine the extent to which they limited her work-related activities. *Id.* at 19. And she considered whether objective medical evidence supported Plaintiff's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms. *Id.*

  The ALJ discounted Plaintiff's consistency, finding her statements about the intensity, persistency, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.* In making this finding, she considered her treatment for SLE/DLE-related lesions. *Id.* She noted Plaintiff "responded positively" to arthritis medication, and that she received an injection for her shoulder condition. *Id.* The ALJ also noted Plaintiff's daily activities included pet care, personal care without limitation, laundry, and dishes. *Id.* at 19-20. And she noted that Plaintiff stated in her function report that she had no limitations on walking, stair climbing, understanding, squatting, sitting, following instructions,

bending, kneeling, standing, talking, completing tasks, getting along with others, reaching, and hearing. *Id.* at 20.

In reviewing Plaintiff's medical history that related to her wrist and hand pain, the ALJ noted Plaintiff's medical history included cramps and pain in her hands. *Id.* Her August 9, 2019 examination showed no synovitis or warmth in the right wrist, and a good range of motion. *Id.* at 20, 278. She was ANA positive, recommended to keep her rheumatology appointment, and received a steroid pack. *Id.* at 278.

In September 2019, Plaintiff underwent a consultative examination conducted by Dr. Jim L. Burke. *Id.* at 296. Plaintiff reported her right shoulder and hand pain caused limitations on the use of her right hand and in lifting her right arm. *Id.* at 20, 296. The ALJ found her "[r]ange of motion was reduced in the right shoulder, elbow and wrist with acute pain in the right shoulder and right hand." *Id.* at 20. Her grip strength was 5/5 on the left and 3/5 on the right. *Id.* "Tinel's and Phalen's sign were negative. There was no muscular atrophy, or hypertrophy, crepitus, effusion, or focal sensory deficits. Hand skills were normal and finger to thumb opposition was adequate. Fine tactile manipulation of objects was normal." *Id.* (citing *id.* at 296-302).

The ALJ reviewed Plaintiff's October 22, 2019 right shoulder x-ray, which was negative. *Id.* Her right-hand x-ray was normal, except for

osteoarthritis involving the second and fifth DIP joints. *Id.* (citing *id.* at 304). An October 31, 2019 examination showed limited range of motion in her right shoulder and tenderness in her right wrist and right shoulder. *Id.*

Plaintiff first challenges the ALJ's findings, noting she found the State agency consultants' opinions for no severe physical impairments to be unpersuasive. Doc. 21, at 7. The ALJ found them unpersuasive because the findings predated the consultative examinations the ALJ conducted on September 13, 2019. AR 21, 296-301. The Court notes the state agency physicians did appear to review Dr. Burke's consultative examination report. *Id.* at 80. So, even if the ALJ erred on this point, she imposed greater limitations than did the state agency, which found Plaintiff had only non-severe impairments. *See id.* at 81, 82.

Plaintiff argues the ALJ failed to explain how the medical evidence of record supported her finding that Plaintiff could frequently handle given "the otherwise abnormal findings supporting greater limitations." Doc. 21, at 9. "'Frequent' means occurring from one-third to two-thirds of the time." Soc. Sec. R. 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Plaintiff is correct that the ALJ relied on no opinion evidence in crafting the RFC. But that is not dispositive. Plaintiff points to her subjective complaints, Doc. 21, at 10-11, which the ALJ discredited. AR 19. She relies on Dr. Burke's findings of decreased grip

strength on the right and her pain with range of motion of the right shoulder and right hand. Doc. 21, at 10. Dr. Burke also found Plaintiff was not in acute distress, her hand skills were normal, and there were no signs of carpal tunnel, atrophy, or digital nodules. AR 20, 297, 301. Her fine tactile manipulation of objects was normal. *Id.* at 20. The ALJ considered these finding, along with all the medical evidence, in restricting Plaintiff's grasping, handling, and reaching to frequent, and in limiting her overhead reaching on the right to occasional.

The Court finds that the ALJ gave an adequate explanation to support the RFC assessment based on the record evidence. The ALJ retains the "final responsibility" to determine Plaintiff's RFC. *Corber v. Massanari*, 20 F. App'x 816, 822 (10th Cir. 2001). The ALJ relied on "the overwhelming negative findings upon consultative examination, the minimal private treatment, and [Plaintiff's] positive response to conservative treatment." AR 21.

Plaintiff notes she did not seek additional treatment because she could not afford it, pointing out her prescriptions were decreased for cost savings. Doc. 21, at 11; AR 314. The decreased prescription was to treat her SLE/DLE, and the same doctor ordered the continuation of physical therapy and exercises for her right shoulder. AR 314. The ALJ noted the conservative treatment Plaintiff received, which is consistent with the medical evidence. *Id.* at 21.

8

The RFC assessment relied in part on the consultative examination she ordered, and her determination does not seriously conflict with the exam's results. *Cf. Wells v. Colvin*, 727 F.3d 1061, 1072 (10th Cir. 2013) ("[I]n cases like this one, where the medical opinions appear to conflict with the ALJ's decision regarding the extent of a claimant's mental impairment to the point of posing a serious challenge to the ALJ's RFC assessment, it may be inappropriate for the ALJ to reach an RFC determination without expert medical assistance." (internal quotation marks, citations, and alterations omitted)). While the ALJ's findings were relatively brief, she reviewed the entire record. AR 18; *see also Wall*, 561 F.3d at 1070 (explaining "[w]here, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word" (internal quotations and alterations omitted)). And Plaintiff agrees her "treatment was not extensive." Doc. 21, at 10. Substantial evidence supports the ALJ's RFC assessment.

## C.     The ALJ adequately developed the record.

Plaintiff asserts that while the ALJ ordered a physical and mental consultative examination and subsequent x-rays of the right shoulder and hand, neither provided an opinion about her functional abilities. *Id.* at 12. She maintains that the ALJ should have "fully and fairly develop[ed] the record" after finding the state agency opinions unsupported by the record. *Id.*

9

The Court agrees "that every ALJ has 'a basic obligation . . . to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994) (quoting *Henrie v. U.S. Dep't of Health & Hum. Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)). "This duty is not a panacea for claimants, however, which requires reversal in any matter where the ALJ fails to exhaust every potential line of questioning." *Glass*, 43 F.3d at 1396 (citing *Henrie*, 13 F.3d at 361 (noting that it is not the ALJ's duty to become the plaintiff's advocate)).

"Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation." *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008). The Court has found that the record contained sufficient information for the ALJ to make an RFC assessment and notes also that Plaintiff's counsel did not request that the ALJ should further develop the record on any issue. AR 32, 33, 59, 296-302, 304; *see Cowan v. Astrue*, 552 F.3d 1182, 1187-88 (10th Cir. 2008) (noting ALJ's responsibility for development of the record when there was "no request from [plaintiff's] counsel for any other existing medical records to be obtained, for a consultative mental examination to be performed, or for any other development of the record to be undertaken");

10

*Hawkins v. Chater*, 113 F.3d 1162, 1167-68 (10th Cir. 1997) ("[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development."). Plaintiff's counsel agreed the record was complete. AR 32-33. There was no request for additional evidence and no indication that other evidence was needed.

### III.  Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 23rd day of March, 2022.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE